BILAL A. ESSAYLI
Acting United States Attorney
JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
PATRICK CASTAÑEDA (Cal. Bar No. 319431)
Assistant United States Attorney
Transnational Organized Crime Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0637
    Facsimile: (213) 894-0142
    E-mail:    patrick.castaneda@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:20-CR-00370-AB |
|---|---|
| Plaintiff, | STATUS REPORT REGARDING PROBATION REVOCATION HEARING |
| v. | |
| AMBIANCE U.S.A., INC., et al., | |
| Defendants. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Patrick Castañeda, hereby submits its status report regarding the pending Form 12 charging defendant Ambiance U.S.A., Inc. ("defendant") with violating its terms of probation as follows:

1.    On or about October 9, 2020, before the Honorable Virginia A. Phillips, United States District Judge, defendant pleaded guilty pursuant to a plea agreement and was convicted of eight federal felony violations, including for conspiracy, international promotional money laundering, and customs duty crimes. (Dkts. 6, 45-

46.) That same day, defendant was sentenced to the statutory maximum sentence of five years of probation, restitution in an amount exceeding $35 million, and all fines were then waived. (Dkt. 46.) Per the parties' plea agreement and the court's judgment, a Monitor was appointed for an initial term of three years and ultimately extended to a total term of five years. (Dkts. 53, 55, 105, 112.)

2.   On February 21, 2024, this matter was reassigned to the Honorable André Birotte Jr., United States District Judge. (Dkt. 101.)

3.   On September 16, 2025, after requesting a calendar date for a preliminary revocation hearing, the United States Probation and Pretrial Services Office ("USPO") filed a Form 12 petition and violation report alleging that defendant violated its probation based on reports provided by the court-appointed Monitor. (Dkts. 123-125.)

4.   On September 19, 2025, defendant filed a bench brief regarding the Court's potential sentencing options if the Court were to find that defendant violated its probation. (Dkt. 126.) In sum, defendant asserts that if the Court determines defendant violated probation, the Court could fine defendant but could not resentence defendant to an additional term of probation exceeding the 5-year statutory maximum previously imposed. (Id. at 2-5.)

5.   At the September 22, 2025 preliminary revocation hearing, the Monitor asserted that if defendant violated its probation, the Court could resentence defendant to an additional term of probation beyond the 5-year statutory maximum that was previously imposed. (Dkt. 127.) At the hearing, the Court requested the government to

2

file its position on the Court's potential sentencing options by Friday, September 26, 2025. (Id.)

6.    Undersigned counsel has conferred with attorneys in the Central District of California USAO Criminal Appeals Section and in the Department of Justice, Criminal Fraud Section, and has reviewed the applicable statutes, case law, and proceedings addressing similar issues in other cases prosecuted by the government. See, e.g., 18 U.S.C. §§ 3564-3565; United States v. ZTE Corporation, Case No. 3:17-CR-0120-K, Dkts. 164, 191 (N.D. Tex. March 11, 2022); United States v. Pacific Gas and Electric Company, Case No. Cr. 14-00175-WHA, Dkt. 1555 (N.D. Cal. January 6, 2022.) While there does not appear to be any binding caselaw on point, based on the unique history and circumstances of this case, if the Court ultimately revokes defendant's probation, the government does not intend to seek an extension of defendant's probationary term or imposition of a new one. If the parties are unable to resolve this matter before a final revocation hearing, and if the Court ultimately revokes defendant's probation, the government will seek any other available sentencing options, including a fine.

7.    As noted above, the Monitor has a different view of the Court's sentencing options. Although the government does not adopt the Monitor's view, the government has attached hereto as Exhibit A the Monitor's letter brief on this issue for the Court's consideration.

8.    Based on the government's position articulated above, and pursuant to 18 U.S.C. § 3565(c), the government does not believe that the continued preliminary and/or final revocation hearing(s) must happen before the expiration of probation because the petition

3

was filed within the existing term of probation. Accordingly, after conferring with the parties, the Monitor, and this Court's courtroom deputy, the government and defendant will submit a separate stipulation jointly requesting that the preliminary revocation hearing be continued to November 3, 2025, to allow the parties to meet and confer on a potential resolution.

Dated: September 26, 2025      Respectfully submitted,

                               BILAL A. ESSAYLI
                               Acting United States Attorney

                               JOSEPH T. MCNALLY
                               Assistant United States Attorney
                               Acting Chief, Criminal Division


                                     /s/
                               PATRICK CASTAÑEDA
                               Assistant United States Attorney

                               Attorneys for Plaintiff
                               UNITED STATES OF AMERICA

4

# Exhibit A

**THE MONITOR'S POSITION**

I.    <u>ANALYSIS</u>

In cases involving US criminal violations, the legal authority for imposing a monitorship stems from the US Criminal Code and the Sentencing Guidelines promulgated thereunder. See 18 U.S.C. Section 3563(b)(22); U.S.S.G. Sections 8B2.1 and 8D1.3. Pursuant to this authority, monitorship is just one potential term of corporate probation that courts may choose to impose on defendants.

Section 3563 of Title 18 of the US Criminal Code provides for the terms and conditions of criminal probation generally, while Section 3563(b)(22) of that same title is a catch-all provision allowing courts to impose discretionary conditions of probation that require defendants to 'satisfy such other conditions as the court may impose'. Similarly, Section 8D1.3(c) of the Sentencing Guidelines (the Guidelines) provides courts with broad authority to propose any conditions of corporate probation 'that (1) are reasonably related to the nature and circumstances of the offense or the history and characteristics of the organization; and (2) involve only such deprivations of liberty or property as are necessary to effect the purposes of sentencing'. Section 8B2.1 of the Guidelines contains a more detailed outline of the structure of monitorships, mandating that a compliance and ethics program be 'reasonably designed, implemented, and enforced so that the program is generally effective in preventing and detecting criminal conduct'. Consideration of a company's specific industry is relevant: 'An organization's failure to incorporate and follow applicable industry practice or the standards called for by any applicable governmental regulation weighs against a finding of an effective compliance and ethics program.'

These sentencing guidelines provide that a court may order a defendant to "satisfy such other conditions as the court may impose," 18 U.S.C. § 3563(b)(22). Because the sentencing guidelines provide that a court may order a defendant to "satisfy such other conditions as the court may impose," 18 U.S.C. § 3563(b)(22), the Government may argue that the Court is authorized to order the continuance of the monitorship order for a company subject to a court-appointed compliance monitor "limited only by an abuse of discretion standard and the Eighth Amendment to the United States Constitution." *United States v. CITGO Petroleum Corp.*, No. CRIM.A. C-06-563, 2012 WL 4127800, at *1–2 (S.D. Tex. Sept. 18, 2012) (in this case, the Government was specifically requesting additional monetary fines and community service, not compliance monitorships. However, the proposition still stands in accordance with 18 U.S.C. § 3563(b)(22)).

18 U.S.C. § 3565(c) allows for delayed revocation. This provision states: [t]he power of the court to revoke a sentence of probation for violation of a condition of probation, and to impose another sentence, **extends beyond the expiration of the term of probation for any period reasonably necessary for the adjudication of matters** arising before its expiration if, prior to its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

A.    <u>The Court is Empowered to Revoke Probation and Resentence</u>

Under 18 U.S.C. § 3565(a), the punishment for violating a probation condition may include "extending the term [of probation] or enlarging the conditions," or "revok[ing] the sentence of

1

probation and resentenc[ing] the defendant." *United States v. BP Prods. N. Am. Inc.*, 610 F. Supp. 2d 655, 721–22 (S.D. Tex. 2009); *see also* U.S.S.G. § 8F1.1 ("Upon a finding of a violation of a condition of probation, the court may extend the term of probation, impose more restrictive conditions of probation, or revoke probation and resentence the organization."). **A court may modify or revoke a defendant's probation if it is "reasonably satisfied," by a preponderance of the evidence, that the defendant's conduct "has not been as good as required by the conditions of probation."** *United States v. Levine*, 983 F.2d 785, 787 (7th Cir. 1993) (internal quotations omitted) (quoting *United States v. Thomas*, 934 F.2d 840, 846 (7th Cir. 1991)); *see also United States v. Teran*, 98 F.3d 831, 836 (5th Cir. 1996). Proof beyond a reasonable doubt is not required. *Levine*, 983 F.2d at 787. "[A] single probation violation [i]s sufficient to support the district court's exercise of discretion to revoke [a defendant's] probation." *United States v. Lindo,* 52 F.3d 106, 107–08 (6th Cir. 1995).

A court can "revoke the sentence of probation and impose any other sentence that was available under subchapter A at the time of the initial sentencing." 18 U.S.C. § 3565; *see also United States v. Donaghe,* 50 F.3d 608, 614-15 (9th Cir. 1995). The statute also states that "[i]f the defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the court may ... revoke the sentence of probation and resentence the defendant under subchapter A." 18 U.S.C. § 3565(a)(2). The relevant statute in subchapter A authorizes a court to sentence an individual found guilty of an offense to "a term of imprisonment as authorized." *United States v. Vasquez*, 160 F.3d 1237, 1238 (9th Cir. 1998).

The statute governing revocation of probation provides that a court may "revoke the sentence of probation and resentence the defendant." 18 U.S.C. § 3565(a). *See United States v. Verkhoglyad,* 516 F.3d 122, 130 n. 6 (2d Cir. 2008) ("[A] probation violation does not trigger a sentence for the violation conduct, but a 'resentence' on the crime of conviction."); *see also United States v. Coast,* 602 F.3d 1222, 1223 (11th Cir. 2010); *United States v. Huerta–Moran,* 352 F.3d 766, 771 (2d Cir. 2003); *United States v. Compian–Torres,* 320 F.3d 514, 516 (5th Cir.2 003); *United States v. Vasquez,* 160 F.3d 1237, 1239 (9th Cir. 1998); *United States v. Decoteau*, 758 F.3d 1014, 1016 (8th Cir. 2014) (finding that the district court exercised proper authority when Decoteau violated the conditions of probation under his original sentence for the larceny offense. The court revoked Decoteau's probation and resentenced him to time served, followed by eighteen months' supervised release. Therefore, when Decoteau was sentenced to the eighteen months of supervised release, he was resentenced for his original larceny offense).

The Sentencing Guidelines suggest as a matter of policy that if imprisonment cannot be part of the sentence, revocation of probation "is the appropriate disposition" when the defendant commits two or more violations. U.S.S.G. § 7B1.3, cmt. n. 1. The Sentencing Guidelines also provide that "[i]n the event of repeated violations of conditions of probation [by an organizational defendant], the appointment of a master or trustee may be appropriate to ensure compliance with court orders." U.S.S.G. § 8F1.1, cmt. n. 1. When a defendant violates a condition of probation, the district court must hold a hearing and consider the sentencing factors—the same factors that the court is required to consider in imposing the initial sentence. 18 U.S.C. § 3565(a); Fed. R. Crim. P. 32.1(b)(2).

2

**B.  <u>Revocation of the Maximum Term of Probation and Resentencing to a New Period of Probation Is Permissible and Does Not Violate Due Process</u>**

**In *Brannon v. Etowah Cnty. Ct. Referral Program, LLC* the court opined that an arguably implicit holding of *Cornwell* is that an extension of a non-custodial period of supervision to a term <u>beyond</u> the statutory limits does (at least potentially) implicate a cognizable federal liberty interest.** 325 F.R.D. 399, 419 (N.D. Ala. 2018), citing *United States v. Cornwell*, 625 F.2d 686 (5th Cir. 1980); *see also Ray v. Judicial Correction Services*, 270 F.Supp.3d 1262, 1304 (N.D. Ala. 2017) (concluding, based upon and *Cornwell* and *Calhoun v. N.Y. State Div. of Parole Officers*, 999 F.2d 647 (2d. Cir. 1993), that "a reasonable jury could find that JCS unconstitutionally extended Plaintiffs' ... probation sentences beyond the statutory maximum <u>without providing any notice</u> to Plaintiffs of the extension or any opportunity for a hearing") (emphasis added). "However, it is significant that in these cases the potentially unconstitutional act is <u>not</u> extension of probation; rather, it is <u>lack of notice</u> prior to such extension." *Brannon v. Etowah Cnty. Ct. Referral Program, LLC*, 325 F.R.D. 399, 419 (N.D. Ala. 2018) (emphasis in original).  **These decisions stating that there needs to be notice and a hearing in order for the court to resentence a defendant to a new probationary period beyond the statutory maximum would make no sense if the court did not have the power to resentence a defendant to a new probationary period beyond the statutory maximum.**

**C.  <u>The Authority Relied Upon by Defendant Is Inapposite</u>**

Defendant first cites *State of N.J. v. Imperiale*, 773 F. Supp. 747, 750 (D.N.J. 1991) for the proposition that the Monitor is a "private prosecutor." Despite this being definitionally incorrect, the underlying facts of *State of N.J. v. Imperiale* have no commonality with this case. *State of N.J. v. Imperiale* concerned an assault suit which had been removed from state court to federal court. The federal government, acting as counsel to defendant postal employee, challenged New Jersey's private prosecutor rule (Rule 7:4–4(b)) – which only applies in municipal courts – permitting private citizens to prosecute minor crimes in instances in which a local prosecutor has failed or refused to do so.

**Defendant proceeds to admit that there is not a case that explicitly says a court may not revoke and resentence a defendant who was previously sentenced to a maximum probationary term. In fact, the case Defendant cites for this proposition actually highlights the possibility.** In *United States v. Urdaneta*, 771 F. Supp. 28, 34 (E.D.N.Y. 1991), the court reasoned that the court's imposition of a five-year term of probation was, in addition to the balance of the original term, beyond its statutory authority, after violation of probation originally granted, the entire probationary term imposed when the court reimposed probation was not a nullity; thus, since the original probationary term had not expired when the probation violator's warrant issued and reimposed probation was revoked, the court had the power and duty to resentence the violator. *Id.; see also United States v. Buchanan*, 340 F. Supp. 1285, 1287-88 (E.D.N.C. 1972) ("Where, as here, the sentence imposed upon the revocation of probation was entered within the statutory 5 year limit, and the probation violation occurred within the statutory 5 year limit, **§ 3651, United States Code, Title 18, does not operate to invalidate a sentence given upon revocation of probation merely because the probationary period may have exceeded the statutory limit . . . [t]o render such a holding would appear to be placing the carriage before the horse.**").

3